INHABITANTS OF THE TOWN OF BRUNSWICK
*vs.*
W. H. HINMAN, INC.

Cumberland.    Opinion, January 17, 1956.

*Donald W. Parks*, for plaintiff.

*Locke, Campbell, Reid & Hebert*, for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

BELIVEAU, J.   On exceptions by the defendant.  This is an action to recover taxes assessed on two structures owned by the defendant and situated in the Town of Brunswick on April 1, 1953, on land not owned by it.

The case was tried before a jury but at the close of the evidence it was submitted, by agreement, to the presiding justice. The right to except as to matters of law was reserved by both parties.

The property involved consisted of what is described as a cement silo and a batching bin used by the defendant in connection with the construction of highways in the Brunswick area.

From the testimony and the exhibits it appears that the cement silo and batching bin were steel structures bolted to cement walls or piers sunk some distance in the ground and built for the sole purpose of accommodating these structures.

The justice below ruled that taxation of these two structures was within the contemplation of Section 3, Chapter 81 of the Revsed Statutes of 1944, part of which reads:

> "Real estate, for the purpose of taxation . . . . . shall include all lands in the state and all buildings erected thereon or affixed to the same . . . . . . ."

Prior to the revision of 1883 the statute read:

> "Real estate for the purpose of taxation . . . . . shall include all lands in the state and all buildings *and other things* erected on or affixed to the same . . . . . . ."

The words, "and other things" were omitted in that revision and were never again made a part of that law prior to the assessment of this tax in 1953. However, the justice below ruled "that such omission did not change the intendment of the statute as revised and that the present part must be read as if those words remained." This was error.

Much is made of the report by the commissioner appointed to revise the 1883 statute, and some reliance is placed by the plaintiff, on his statement, in that report, that the re-

vision was made, "without essential change of legal intendment."

Whatever the commissioner intended to accomplish, the Legislature of 1883 nevertheless omitted the words "and other things" which, in our opinion demonstrates its purpose, to eliminate them. While many revisions have taken place since 1883 the words were never again made a part of that statute. The controlling factor is the action of the Legislature and not the opinion of the commissioner as explained in his report.

The statute as it now exists requires no interpretation and what we are asked to do, in fact, is to add to it. This is legislation and is wholly within the province of the Legislature. During the period of about 70 years the Legislature failed or refused to amend this law by adding the words omitted in the 1883 revision.

Our court has held that provisions omitted from a revision are by that fact repealed. *McIntire* v. *McIntire,* 130 Me. at page 334.

The property involved was personal and was taxable in the town in which the defendant had its domicile, to wit: Anson.

<em>Exceptions sustained.</em>